IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEAHTRA NICHOLE McRAE, | ) CASE NO. 1:06-cv-00571-GK |
| Plaintiff, | ) JUDGE GLADYS KESSLER |
| v. | ) **DEFENDANTS JOHNSON & JOHNSON, ORTHO-MCNEIL PHARMACEUTICAL, INC. AND JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH & DEVELOPMENT, LLC 'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| JOHNSON & JOHNSON, et al., | |
| Defendants. | |
| | ) (JURY DEMAND ENDORSED HEREON) |

Defendants Johnson & Johnson, Ortho-McNeil Pharmaceutical, Inc. and Johnson & Johnson Pharmaceutical Research & Development, LLC ("Defendants"), by and through counsel, hereby respond to the allegations set forth in Plaintiff's Complaint as follows:

**ANSWER TO PARTIES**

1.  Defendants are without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 1.

2.  Defendants are without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 2.

3.  Defendants admit that Johnson & Johnson is a New Jersey corporation with its principal place of business in New Jersey and further admit that Ortho-McNeil Pharmaceutical, Inc. and Johnson & Johnson Pharmaceutical Research & Development, LLC are wholly owned subsidiaries of Johnson & Johnson and further answering, deny each and every remaining allegation and averment set forth in Paragraph 3.

4.  Defendants deny each and every allegation and averment set forth in Paragraph 4.

{D0059792.1 }

5. Defendants admit that Ortho-McNeil Pharmaceutical, Inc. is a Delaware corporation with its principal place of business in New Jersey and is a subsidiary of Johnson & Johnson and further answering, deny each and every remaining allegation and averment set forth in Paragraph 5.

6. Defendants admit that defendant Ortho-McNeil Pharmaceutical, Inc. and/or defendant Johnson & Johnson Pharmaceutical Research & Development, LLC designed, manufactured, distributed, sold, marketed and introduced into interstate commerce the prescription drug Ortho Evra® and further answering, deny each and every remaining allegation and averment set forth in Paragraph 6.

7. Defendants admit that Johnson & Johnson Pharmaceutical Research & Development, LLC is a New Jersey Limited Liability Company with its principal place of business in New Jersey, that it is a subsidiary of Johnson & Johnson and that Ortho-McNeil Pharmaceutical, Inc. is its sole member and further answering, deny each and every remaining allegation and averment set forth in Paragraph 7.

8. Defendants admit that defendant Ortho-McNeil Pharmaceutical, Inc. and/or defendant Johnson & Johnson Pharmaceutical Research & Development, LLC designed, manufactured, distributed, sold, marketed and introduced into interstate commerce the prescription drug Ortho Evra® and further answering, deny each and every remaining allegation and averment set forth in Paragraph 8.

## ANSWER TO JURISDICTION AND VENUE

9. Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 9.

10. Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 10.

11. Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 11.

12. Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 12.

13. Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 13.

14. Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 14.

## ANSWER TO FACTUAL BACKGROUND

15. Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 15.

16. Defendants admit that defendant Ortho-McNeil Pharmaceutical, Inc. markets Ortho Evra® as the first and only once-a-week birth control patch and further answering, deny each and every remaining allegation and averment set forth in Paragraph 16.

17. Defendants admit that when properly prescribed and used correctly, Ortho Evra® is as effective as birth control pills and further answering, deny each and every remaining allegation and averment set forth in Paragraph 17.

18. Defendants admit that on the Ortho Evra® Website, it states that Ortho Evra® works in several ways to help prevent pregnancy including:

> "● It helps prevent ovulation, which means that an egg is not released by one of your ovaries for fertilization.
> ● It thickens cervical mucus so that sperm are less likely to enter your uterus.

- It causes changes in the endometrium to reduce the likelihood of implantation."

Further answering, Defendants deny each and every remaining allegation and averment set forth in Paragraph 18.

19. Defendants admit that on the Ortho Evra® Website, it states that: "The transdermal - or 'through the skin' - weekly birth control patch prevents pregnancy by delivering continuous levels of the hormones norelgestromin and ethinyl estradiol (progestin and estrogen, respectively) through the skin and into the bloodstream." Further answering Defendants deny each and every remaining allegation and averment set forth in Paragraph 19.

20. Defendants admit that on the Ortho Evra® Website, it states that: "In clinical trials, the most frequent adverse events leading to discontinuation in 1.0% to 2.4% of women included nausea and/or vomiting, application site reaction, breast symptoms, headache, and emotional liability." The Website further states that: "Most side effects of the contraceptive patch are not serious, and those that are occur infrequently. Serious risks that can be life-threatening include blood clots, stroke or heart attacks which are increased if you smoke cigarettes." Further answering, Defendants deny each and every remaining allegation and averment set forth in Paragraph 20.

21. Defendants deny that Ortho Evra® is more likely to cause blood clots than oral contraceptives and further answering, deny each and every remaining allegation and averment set forth in Paragraph 21.

22. Defendants state that the actions and publications of the FDA speak for themselves and further answering, Defendants deny the allegations and averments set forth in Paragraph 22.

23. In response to the allegations and averments set forth in Paragraph 23, Defendants admit that such Paragraph describes certain language of the prescribing information for Ortho

Evra® and, to the extent Paragraph 23 alleges improper conduct on the part of Defendants, deny such allegations and averments.

24. In response to the allegations and averments set forth in Paragraph 24, Defendants admit that such Paragraph describes certain language of the Ortho Evra® label and, to the extent Paragraph 24 alleges improper conduct on the part of Defendants, deny such allegations and averments.

25. In response to the allegations and averments set forth in Paragraph 25, Defendants admit that such Paragraph describes certain language of the Ortho Evra® label and, to the extent Paragraph 25 alleges improper conduct on the part of Defendants, deny such allegations and averments.

26. Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 26.

27. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 27.

28. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 28.

29. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 29.

30. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 30.

31. Defendants deny each and every allegation and averment set forth in Paragraph 31.

32. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 32.

33. Defendants deny each and every allegation and averment set forth in Paragraph 33.

34. Defendants deny each and every allegation and averment set forth in Paragraph 34.

35. Defendants deny each and every allegation and averment set forth in Paragraph 35.

36. Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 36.

37. Defendants deny each and every allegation and averment set forth in Paragraph 37.

38. Defendants deny each and every allegation and averment set forth in Paragraph 38.

39. Defendants deny each and every allegation and averment set forth in Paragraph 39.

## ANSWER TO GENERAL ALLEGATIONS CONCERNING PLAINTIFF AND HER DAMAGES

40. Defendants incorporate by reference, as if fully set forth herein, the answers to Paragraphs 1 through 39 of Plaintiff's Complaint and further answering, Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 40.

41. Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 41.

42. Defendants deny each and every allegation and averment set forth in Paragraph 42.

43. Defendants deny each and every allegation and averment set forth in Paragraph 43.

44. Defendants deny each and every allegation and averment set forth in Paragraph 44.

## ANSWER TO COUNT I - NEGLIGENCE

45. Defendants incorporate by reference, as if fully set forth herein, the answers to Paragraphs 1 through 44 of Plaintiff's Complaint and further answering, Defendants state that they were subject only to those duties imposed by applicable law and further answering, deny each and every remaining allegation and averment set forth in Paragraph 45.

46. Defendants state that they were subject only to those duties imposed by applicable law and further answering, deny each and every remaining allegation and averment set forth in Paragraph 46.

47. Defendants deny each and every allegation and averment set forth in Paragraph 47, including subsections (A) through (F).

48. Defendants deny each and every allegation and averment set forth in Paragraph 48.

49. Defendants state that they were subject only to those duties imposed by applicable law and further answering, deny each and every remaining allegation and averment set forth in Paragraph 49.

50. Defendants deny each and every allegation and averment set forth in Paragraph 50.

51. Defendants deny each and every allegation and averment set forth in Paragraph 51.

52. Defendants deny each and every allegation and averment set forth in Paragraph 52.

**ANSWER TO COUNT II – STRICT LIABILITY/RESTATEMENT OF TORTS § 402A**

53. Defendants incorporate by reference, as if fully set forth herein, the answers to Paragraphs 1 through 52 of Plaintiff's Complaint and further answering, Defendants admit that defendant Ortho-McNeil Pharmaceutical, Inc. manufactured the prescription drug Ortho Evra® and further answering, deny each and every remaining allegation and averment set forth in Paragraph 53.

54. Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 54.

55. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 55.

56. Defendants deny each and every allegation and averment set forth in Paragraph 56.

57.   Defendants deny each and every allegation and averment set forth in Paragraph 57.

58.   Defendants admit that Ortho Evra® was expected to reach consumers in the United States without substantial change in the condition in which it was sold and further answering, are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 58.

59.   Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 59.

60.   Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 60.

61.   Defendants deny that Ortho Evra® is defective and further answering, deny each and every allegation and averment set forth in Paragraph 61.

## ANSWER TO COUNT III – RESTATEMENT OF TORTS §402B

62.   Defendants incorporate by reference, as if fully set forth herein, the answers to Paragraphs 1 through 61 of Plaintiff's Complaint and further answering, Defendants admit that defendant Ortho-McNeil Pharmaceutical, Inc. sold the prescription drug Ortho Evra® and further answering, deny each and every remaining allegation and averment set forth in Paragraph 62.

63.   Defendants deny each and every allegation and averment set forth in Paragraph 63.

64.   Defendants deny each and every allegation and averment set forth in Paragraph 64, including subsections (A) through (C).

65.   Defendants deny each and every allegation and averment set forth in Paragraph 65.

66.   Defendants deny each and every allegation and averment set forth in Paragraph 66.

67.   Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 67.

68. Defendants deny each and every allegation and averment set forth in Paragraph 68.

69. Defendants deny each and every allegation and averment set forth in Paragraph 69.

### ANSWER TO COUNT IV - FRAUD

70. Defendants incorporate by reference, as if fully set forth herein, the answers to Paragraphs 1 through 69 of Plaintiff's Complaint and further answering, deny each and every allegation and averment set forth in Paragraph 70.

71. Defendants deny any concealment or misrepresentations and further answering, deny each and every allegation and averment set forth in Paragraph 71.

72. Defendants deny any concealment or misrepresentations and further answering, deny each and every allegation and averment set forth in Paragraph 72.

73. Defendants deny each and every allegation and averment set forth in Paragraph 73.

74. Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 74.

75. Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 75.

76. Defendants deny each and every allegation and averment set forth in Paragraph 76.

### ANSWER TO COUNT V – EXPRESS WARRANTIES

77. Defendants incorporate by reference, as if fully set forth herein, the answers to Paragraphs 1 through 76 of Plaintiff's Complaint and further answering, Defendants admit that Defendant Ortho-McNeil Pharmaceutical, Inc. and/or Defendant Johnson & Johnson Pharmaceutical Research & Development, LLC designed, tested, manufactured, distributed, promoted, and sold Ortho Evra® and further answering, deny for want of knowledge, information, and otherwise each and every remaining allegation and averment set forth in Paragraph 77.

78. Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 78.

79. Defendants deny each and every allegation and averment set forth in Paragraph 79.

80. Defendants deny each and every allegation and averment set forth in Paragraph 80.

81. Defendants deny each and every allegation and averment set forth in Paragraph 81.

### ANSWER TO COUNT VI – IMPLIED WARRANTIES

82. Defendants incorporate by reference, as if fully set forth herein, the answers to Paragraphs 1 through 81 of Plaintiff's Complaint and further answering, Defendants admit that Defendant Ortho-McNeil Pharmaceutical, Inc. and/or Defendant Johnson & Johnson Pharmaceutical Research & Development, LLC designed, tested, manufactured, distributed, promoted, and sold Ortho Evra® and further answering, deny for want of knowledge, information, and otherwise each and every remaining allegation and averment set forth in Paragraph 82.

83. Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 83.

84. Defendants deny each and every allegation and averment set forth in Paragraph 84.

85. Defendants deny each and every allegation and averment set forth in Paragraph 85.

86. Defendants deny each and every allegation and averment set forth in Paragraph 86.

### ANSWER TO COUNT VII – VIOLATION OF THE D.C. DECEPTIVE TRADE PRACTICES ACT

87. Defendants incorporate by reference, as if fully set forth herein, the answers to Paragraphs 1 through 86 of Plaintiff's Complaint and further answering, deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 87.

88. Defendants deny each and every allegation and averment set forth in Paragraph 88, including subsections (a) through (d).

89. Defendants deny each and every allegation and averment set forth in Paragraph 89.

90. Defendants deny each and every allegation and averment set forth in Paragraph 90 and controvert the prayer for relief set forth in Paragraph 90.

**ANSWER TO COUNT VIII – FAILURE TO WARN/RESTATEMENT OF TORTS § 388**

91. Defendants incorporate by reference, as if fully set forth herein, the answers to Paragraphs 1 through 90 of Plaintiff's Complaint and further answering, deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 91.

92. Defendants deny each and every allegation and averment set forth in Paragraph 92, including subsections (A) and (B).

93. Defendants deny each and every allegation and averment set forth in Paragraph 93.

94. Defendants deny each and every allegation and averment set forth in Paragraph 94.

**ANSWER TO COUNT IX – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

95. Defendants incorporate by reference, as if fully set forth herein, the answers to Paragraphs 1 through 94 of Plaintiff's Complaint and further answering, deny each and every allegation and averment set forth in Paragraph 95.

96. Defendants deny each and every allegation and averment set forth in Paragraph 96.

97. Defendants deny any withholding or mis-reporting of information and further answering, each and every allegation and averment set forth in Paragraph 97.

98. Defendants deny each and every allegation and averment set forth in Paragraph 98.

99. Defendants deny each and every allegation and averment set forth in Paragraph 99.

## ANSWER TO COUNT X – PUNITIVE DAMAGES

100. Defendants incorporate by reference, as if fully set forth herein, the answers to Paragraphs 1 through 99 of Plaintiff's Complaint and further answering, deny each and every allegation and averment set forth in Paragraph 100, including subsections (A) through (D).

## ANSWER TO COUNT XI –DAMAGES

101. Defendants incorporate by reference, as if fully set forth herein, the answers to Paragraphs 1 through 100 of Plaintiff's Complaint and further answering, controvert the prayer for relief set forth in Paragraph 101, including subsections (a) through (i).

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against these answering Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations, statute of repose and/or by the equitable doctrines of laches and estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of informed consent, release and waiver.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's choice of forum and venue is improper.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not governed by the laws of the District of Columbia.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the alleged damages, if any are proven, were not proximately caused by any act or omission of any of the Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any of the injuries, losses and damages alleged, then said injuries, losses and damages were a direct and proximate result of a responsible, superseding, and/or intervening cause.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants state that if Plaintiff has suffered any of the injuries, losses and damages alleged, then said injuries, losses and damages were due to an allergic, idiosyncratic or idiopathic reaction to the product at issue in this case, or by an unforeseeable illness, unavoidable accident or preexisting condition, without any negligence and culpable conduct by Defendants.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, were caused in whole or in part by the acts (wrongful or otherwise), negligence, sole fault, misuse, abuse, modification, alteration, omission or fault of one or more persons or entities over whom Defendants exercised no control and for whom Defendants are not legally responsible, including, without limitation, Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exercise reasonable care and diligence to mitigate injuries and damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the "state of the art" and "state of scientific knowledge" defenses.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Learned Intermediary Doctrine.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The product at issue in this case falls under the auspices of the Food, Drug and Cosmetic Act and regulations promulgated by the Federal Food & Drug Administration, and therefore, Federal law preempts Plaintiff's claim. *See*, 21 U.S.C. §301 *et. seq*. *See also*, 71 Fed. Reg. 3922 (January 24, 2006).

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants did not make to Plaintiff nor did they breach any express or implied warranties and/or breach any warranties created by law. To the extent that Plaintiff relies on any theory of breach of warranty, such claims are barred by applicable law, and for lack of privity with Defendants and/or for failure of Plaintiff, or Plaintiff's representatives, to give timely notice to Defendants of any alleged breach of warranty. Defendants further specifically plead as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code existing and which may arise in the future, as enacted in the District of Columbia, and any other state whose law is deemed to apply in this case.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by comments j and k to Section 402A of the Restatement (Second) of Torts.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims of product defects are barred by Section 2, 4, and 6(c) and (d) of the Restatement (Third) of Torts: Products Liability.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's product liability claims are barred because the benefits of the relevant product outweighed its risks.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part because the product at issue was at all times properly prepared, packaged, and distributed, and was not defective or unreasonably dangerous.

### NINETEENTH AFFIRMATIVE DEFENSE

Any imposition of punitive damages in this case against Defendants is barred to the extent that the manner in which such punitive damages are calculated violates the Constitution of the United States, the Constitution of the District of Columbia, and any state whose law is deemed to apply in this case.

### TWENTIETH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case against Defendants is barred to the extent that the amount of such an award violates the Constitution of the United States, the Constitution of the District of Columbia, and any state whose law is deemed to apply in this case.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to plead fraud with specificity.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants are entitled to a setoff for all amounts paid, payable by or available from collateral sources.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants specifically reserve the right to amend their Answer by adding defenses, counterclaims, cross claims or by instituting third party actions as additional facts are obtained.

WHEREFORE, having fully answered, Defendants Johnson & Johnson, Ortho-McNeil Pharmaceutical, Inc. and Johnson & Johnson Pharmaceutical Research & Development, LLC specifically controvert the prayer for relief set forth in Paragraph 101, including subsections (a) through (i) and in the unnumbered paragraph following Paragraph 101.

              Respectfully submitted,

              */s/ William H. Robinson, Jr.*

              William H. Robinson, Jr., Bar No.457615
              WRIGHT, ROBINSON, OSTHIMER & TATUM
              5335 Wisconsin Avenue, NW
              Suite 920
              Washington, D.C. 20015-2030
              (202) 244-4668
              (202) 244-5135 (telefax)

              Attorney for Defendants Johnson & Johnson, Ortho-McNeil Pharmaceutical, Inc. and Johnson & Johnson Pharmaceutical Research & Development, LLC

Of Counsel:
Robert C. Tucker (0013098)
RTucker@tuckerellis.com
Julie A. Callsen (0062287)
Jcallsen@tuckerellis.com
TUCKER ELLIS & WEST LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH 44115-1414
Telephone: 216.592.5000
Telefax: 216.592.5009

## JURY DEMAND

Defendants Johnson & Johnson, Ortho-McNeil Pharmaceutical, Inc. and Johnson & Johnson Pharmaceutical Research & Development, LLC hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

_____
William H. Robinson, Jr.

Attorney for Defendants Johnson & Johnson,
Ortho-McNeil Pharmaceutical, Inc. and
Johnson & Johnson Pharmaceutical Research
& Development, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____
William H. Robinson, Jr.

Attorney for Defendants Johnson & Johnson,
Ortho-McNeil Pharmaceutical, Inc. and
Johnson & Johnson Pharmaceutical Research
& Development, LLC

30180.00253.881880.1