IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEAHTRA NICHOLE McRAE, | ) | CASE NO. 1:06-cv-00571-GK |
| Plaintiff, | ) ) ) | JUDGE GLADYS KESSLER |
| v. | ) ) | |
| JOHNSON & JOHNSON, et al., | ) ) | |
| Defendants. | ) ) | |

## JOINT MOTION TO POSTPONE SCHEDULING CONFERENCE

The above-referenced case has been transferred to the Northern District of Ohio by Conditional Transfer Order 4, a copy of which is attached, to be consolidated as part of the *In re Ortho Evra Products Liability Litigation* multidistrict panel. In light of this transfer, the parties jointly request that the scheduling conference currently scheduled before you on Monday, May 22, 2006, at 9:45 am be postponed or cancelled.

Respectfully submitted,

_Michelle A. Parfitt by HO_
Michelle A. Parfitt, Esq. # 358592
Ashcraft & Gerel
2000 L Street, NW # 400
Washington, D.C. 20036
(202) 783-6400

Attorney for Plaintiff Deahtra Nichole McRae,

_William H. Robinson Jr._
William H. Robinson, Jr., Bar No.457615
WRIGHT, ROBINSON, OSTHIMER & TATUM
5335 Wisconsin Avenue, NW
Suite 920
Washington, D.C. 20015-2030
(202) 244-4668
(202) 244-5135 (telefax)

Attorney for Defendants Johnson & Johnson,
Ortho-McNeil Pharmaceutical, Inc. and Johnson
& Johnson Pharmaceutical Research &
Development, LLC

Of Counsel:

Robert C. Tucker (0013098)
RTucker@tuckerellis.com
Julie A. Callsen (0062287)
Jcallsen@tuckerellis.com
TUCKER ELLIS & WEST LLP
1150 Huntington Bldg.
925 Euclid Ave
Cleveland, OH 44115-1475
    Telephone:    216.592.5000
    Telefax:    216.592.5009

## CERTIFICATE OF SERVICE

I hereby certify that on May 18th, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

William H. Robinson, Jr.

Attorney for Defendants Johnson & Johnson, Ortho-McNeil Pharmaceutical, Inc. and Johnson & Johnson Pharmaceutical Research & Development, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEAHTRA NICHOLE McRAE, | ) | CASE NO. 1:06-cv-00571-GK |
| | ) | |
| Plaintiff, | ) | JUDGE GLADYS KESSLER |
| | ) | |
| v. | ) | |
| | ) | |
| JOHNSON & JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JOINT ORDER**

THIS MATTER CAME ON as Plaintiff Deahtra Nichole McRae and Defendants & Johnson, Ortho-McNeil Pharmaceutical, Inc. and Johnson & Johnson Pharmaceutical Research & Development, LLC's Joint Motion to Postpone Scheduling Conference. As good cause exists for entry of this Order, it is hereby,

ORDERED that the Scheduling Conference, scheduled for May 22, 2006, at 9:45 am shall be postponed.

ENTERED this _____ day of _____, 2005.

_____
Judge, Gladys Kessler

Copies to:

William H. Robinson, Jr., Bar No.457615
WRIGHT, ROBINSON, OSTHIMER & TATUM
5335 Wisconsin Avenue, NW
Suite 920
Washington, D.C.  20015-2030
(202) 244-4668
(202) 244-5135 (telefax)

Michelle A. Parfitt, Esq. # 358592
Ashcraft & Gerel
2000 L Street, NW # 400
Washington, D.C. 20036
(202) 783-6400

## UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| CHAIRMAN: | MEMBERS: | | DIRECT REPLY TO: |
|---|---|---|---|
| Judge Wm. Terrell Hodges<br>United States District Court<br>Middle District of Florida | Judge John F. Keenan<br>United States District Court<br>Southern District of New York | Judge Robert L. Miller, Jr.<br>United States District Court<br>Northern District of Indiana | Michael J. Beck<br>Clerk of the Panel<br>One Columbus Circle, NE<br>Thurgood Marshall Federal<br>Judiciary Building<br>Room G-255, North Lobby<br>Washington, D.C. 20002 |
| | Judge D. Lowell Jensen<br>United States District Court<br>Northern District of California | Judge Kathryn H. Vratil<br>United States District Court<br>District of Kansas | |
| | Judge J. Frederick Motz<br>United States District Court<br>District of Maryland | Judge David R. Hansen<br>United States Court of Appeals<br>Eighth Circuit | Telephone: [202] 502-2800<br>Fax:        [202] 502-2888<br>http://www.jpml.uscourts.gov |

May 5, 2006

TO INVOLVED COUNSEL

Re: MDL-1742 -- In re Ortho Evra Products Liability Litigation

(See Attached Schedule CTO-4)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE: May 22, 2006** (4 p.m. EST)
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Michael J. Beck
Clerk of the Panel

By /s/ Kevin Washburn
Deputy Clerk

Attachments

JPML Form 39

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 5 2006

FILED
CLERK'S OFFICE

# DOCKET NO. 1742

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ORTHO EVRA PRODUCTS LIABILITY LITIGATION

## (SEE ATTACHED SCHEDULE)

## CONDITIONAL TRANSFER ORDER (CTO-4)

On March 1, 2006, the Panel transferred 12 civil actions to the United States District Court for the Northern District of Ohio for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 64 additional actions have been transferred to the Northern District of Ohio. With the consent of that court, all such actions have been assigned to the Honorable David A. Katz.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Northern District of Ohio and assigned to Judge Katz.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of Ohio for the reasons stated in the order of March 1, 2006, ____F.Supp.2d____ (J.P.M.L. 2006), and, with the consent of that court, assigned to the Honorable David A. Katz.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of Ohio. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

*Michael J. Beck*
Michael J. Beck
Clerk of the Panel

# SCHEDULE CTO-4 - TAG-ALONG ACTIONS
## DOCKET NO. 1742
## IN RE ORTHO EVRA PRODUCTS LIABILITY LITIGATION

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **ARKANSAS EASTERN** | |
| ARE 4 06-428 | Larry P. Smee, etc. v. Johnson & Johnson, et al. |
| **CALIFORNIA CENTRAL** | |
| CAC 2 06-1677 | Nikole Clesceri v. Ortho-McNeil Pharmaceutical, Inc., et al. |
| **DISTRICT OF COLUMBIA** | |
| DC 1 06-571 | Deahtra Nichole McRae v. Johnson & Johnson, et al. |
| **MINNESOTA** | |
| MN 0 06-1302 | Sharon Thurman v. Johnson & Johnson, et al. |
| **NEW JERSEY** | |
| NJ 2 06-1503 | Chasity McKinney, et al. v. Johnson & Johnson, et al. |
| **NEW YORK EASTERN** | |
| NYE 1 06-1307 | Tracey Mitchell, et al. v. Ortho-McNeil Pharmaceutical, Inc., et al. |
| **OHIO SOUTHERN** | |
| OHS 1 06-183 | Genesia Strayhorn v. Johnson & Johnson, et al. |
| OHS 2 06-241 | Detra Selvey v. Johnson & Johnson, et al. |
| OHS 2 06-256 | Freedom Curtis, et al. v. Johnson & Johnson, et al. |
| **TEXAS WESTERN** | |
| TXW 5 06-293 | Mallory Nipper, et al. v. Ortho-McNeil Pharmaceutical, Inc., et al. |
| **WISCONSIN WESTERN** | |
| WIW 3 06-165 | Erica Fisher v. Johnson & Johnson, et al. |

# INVOLVED COUNSEL LIST (CTO-4)
## DOCKET NO. 1742
## IN RE ORTHO EVRA PRODUCTS LIABILITY LITIGATION

Janet G. Abaray
Lopez, Hodes, Restaino, Milman & Skikos
312 Walnut Street
Suite 2090
Cincinnati, OH 45202

Patrick G. Broderick
Dechert LLP
30 Rockefeller Center
New York, NY 10112-2200

Michael S. Burg
Burg, Simpson, Eldredge, Hersh & Jardine, P.C.
40 Inverness Drive East
Englewood, CO 80112-2866

Julie A. Callsen
Tucker Ellis & West, LLP
1150 Huntington Bldg.
925 Euclid Avenue
Cleveland, OH 44115-1475

David R. Deary
Deary, Montgomery, Defeo & Canada, LLP
2515 McKinney Avenue
Suite 1565
Dallas, TX 75201

Roger C. Denton
Schlichter, Bogard & Denton
100 S. Fourth Street
Suite 900
St. Louis, MO 63102

David L. Eisbrouch
Balkin & Eisbrouch
50 Main Street
Suite 6
Hackensack, NJ 07601

Matthew C. Hutsell
Rainwater, Holt & Sexton
6315 Ranch Drive
P.O. Box 17250
Little Rock, AR 72222-7250

Michael A. London
Douglas & London, P.C.
111 John Street
14th Floor
New York, NY 10038

Michelle A. Parfitt
Ashcraft & Gerel, LLP
2000 L Street, NW
Suite 400
Washington, DC 20036

Gale Diane Pearson
Pearson, Randall & Schumacher, PA
400 South 4th Street
1012 Grain Exchange Building
Minneapolis, MN 55415

Vick Putman
Putman & Putman
2700 Tower Life Building
310 S. St. Mary's Street
Suite 2700
San Antonio, TX 78205

William H. Robinson, Jr.
Wright, Robinson, Osthimer & Tatum
5335 Wisconsin Avenue, NW
Suite 920
Washington, DC 20015-2030

Edoardo R.C. Salvatore
Lopez, Hodes, Restaino, Milman & Skikos
450 Newport Center Drive
2nd Floor
Newport Beach, CA 92660

Richard W. Schulte
Botros, Behnke & Schulte, LLC
5785 Far Hills Avenue
Dayton, OH 45429

Susan M. Sharko
Drinker, Biddle & Reath, L.L.P.
500 Campus Drive
Florham Park, NJ 07932-1047

John Allan Smalley
Dyer, Garafalo, Mann & Schultz
131 North Ludlow Street
Suite 1400
Dayton, OH 45402

Terry O. Tottenham
Fulbright & Jaworski, L.L.P.
600 Congress Avenue
Suite 2400
Austin, TX 78701-2011

Calvin S. Tregre, Jr.
Lopez, Hodes, Restaino, Milman & Skikos
312 Walnut Street
Suite 2090
Cincinnati, OH 45202

Brian D. Turner, Jr
Cory, Watson, Crowder & DeGaris, PC
2131 Magnolia Avenue
Suite 200
P.O. Box 55927
Birmingham, AL 35205-5972

Joe R. Whatley, Jr.
Whatley Drake, LLC
2323 2nd Avenue, North
P.O. Box 10647
Birmingham, AL 35202-0647

Michael C. Zellers
Tucker, Ellis & West, LLP
1000 Wilshire Boulevard
Suite 1800
Los Angeles, CA 90017-2475

<u>RULE 5.2:</u>    <u>SERVICE OF PAPERS FILED</u>

(a) All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b) The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c) Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d) In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e) If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

# RULE 7.4: CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"

(a) Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b) Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c) Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d) Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e) Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f) Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

# RULE 7.5: MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a) Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b) Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c) Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d) A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e) Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.